14-2424
Lin v. Lynch

BIA
Cheng, IJ
A087 992 621

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of July, two thousand fifteen.

PRESENT:
> JOSÉ A. CABRANES,
> DENNY CHIN,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

JIN PING LIN,
> *Petitioner*,

> v.                                    14-2424
>                                       NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Joshua Bardavid, New York, NY.

FOR RESPONDENT:          Benjamin C. Mizer, Acting Assistant
                         Attorney General; Shelley R. Goad,
                         Assistant Director; Kristen Giuffreda
                         Chapman, Trial Attorney, Office of
                         Immigration Litigation, United States
                         Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Jin Ping Lin, a native and citizen of the People's Republic of China, seeks review of a June 11, 2014, decision of the BIA affirming the December 6, 2012, decision of an Immigration Judge ("IJ"), denying his application for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). *In re Jin Ping Lin*, No. A087 992 621 (B.I.A. June 11, 2014), *aff'g* No. A087 992 621 (Immig. Ct. N.Y. City Dec. 6, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decisions of both the IJ and the BIA "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications like Lin's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of

2

the circumstances," base a credibility determination on inconsistencies in an asylum applicant's statements and other record evidence "without regard to whether" the inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such" a ruling. *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). Substantial evidence supports the agency's adverse credibility determination.

The agency relied on multiple inconsistencies in finding Lin not credible. For example, the agency reasonably considered inconsistencies between Lin's testimony and his credible fear interview regarding when he joined an underground church in China. *See Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009). Lin testified on direct examination that he joined his underground church in 2007, but later testified that he joined the church in 2009. During his credible fear interview, he also stated that he joined in 2009. The agency was not required to credit his explanation for these discrepancies. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d

3

Cir. 2005). Moreover, Lin's credible fear interview contained the required indicia of reliability because: (1) the interview record was typewritten in a question and answer format; (2) the interview was conducted through an interpreter; (3) the interviewer explained to Lin the purpose of the interview and the importance of providing full and accurate testimony; and (4) the interviewer asked questions that were designed to elicit a potential basis for asylum. *See Ming Zhang*, 585 F.3d at 725-26.

The agency also reasonably relied on Lin's initial failure to mention that he was his pastor's "helper." *Xiu Xia Lin*, 534 F.3d at 166 n.3. As the IJ observed, this information was relevant because the Chinese government may have considered him a threat if he was more than just a member of his church. Moreover, a statement from Lin's mother also failed to mention that he was his pastor's helper. The agency was not required to credit his explanation for omitting this relevant information.

The agency also reasonably relied on Lin's initial failure to mention that his parents were leaders in his church and that they had been arrested prior to the 2009 incident. Despite

4

Lin's detailed account of his religious upbringing and his parents' arrest in 2009, he made no mention that they were ever leaders of the church or that they had previously been arrested. Moreover, in her statement, Lin's mother described in detail how she and Lin's father were arrested and beaten in 2009, but failed to mention any prior arrests or that she and Lin's father were church leaders. Accordingly, Lin's material inconsistencies and his failure to provide adequate explanations constitute substantial evidence for an adverse credibility determination.

Having questioned Lin's credibility, the agency did not err in finding that his corroborating evidence did not rehabilitate his incredible testimony. An applicant's failure to corroborate testimony may bear on credibility, either because the absence of particular corroborating evidence is viewed as suspicious, or because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Lin argues that the agency did not adequately consider evidence that he was issued a summons by police. However, this evidence does not

rehabilitate the discrepant testimony that forms the basis of the adverse credibility determination.

Given the inconsistency and corroboration findings, substantial evidence supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief, as the claims were based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6